# Greenberg Traurig

Robert A. Horowitz
Tel. (212) 801-2194
Fax (212) 801-6400
horowitzr@gtlaw.com

June 25, 2007

**MEMO ENDORSED**

**VIA HAND DELIVERY**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/07
```

The Honorable Kenneth M. Karas
United States District Court Judge
United States District Court
500 Pearl Street  Room 920
New York, New York  10007

    Re:   *Strategic Growth International, Inc. v. Terremark Worldwide, Inc., Manuel Medina, and Jose Segrera*
           Case No.: 07 CIV 5647 (KMK)

Dear Judge Karas:

We represent the defendants Terremark Worldwide, Inc. ("Terremark"), Manuel Medina ("Medina") and Jose Segrera ("Segrera") (collectively, "Individual Defendants," and with Terremark, collectively, "Defendants") in the above-entitled action. In accordance with the Court's individual practice rules, we write to request a pre-motion conference with respect to Defendant's proposed motion to dismiss or stay this action in favor of Terremark's prior-filed action against Strategic Growth International, Inc. ("SGI") in Florida (the "Florida Action") or, in the alternative, to dismiss the action in its entirety against the Individual Defendants pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(3), for improper venue, and to dismiss all the claims, other than the claim for declaratory relief asserted against Terremark, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Background. Both this action and the prior-filed Florida Action arise out of SGI's purported exercise of certain warrants ("Warrants") issued by Terremark pursuant to a letter agreement dated April 1, 2002 ("Letter Agreement"). In 2004, SGI exercised its warrant rights in part. Thereafter, in 2005, Terremark carried out a reverse stock split, pursuant to which each ten (10) shares of outstanding Terremark stock were replaced with one (1) share of "new" Terremark stock. In March 2007, SGI advised Terremark by letter that it intended to exercise the remaining Warrants and set forth its calculation of the number of shares of the post reverse split common stock to which it claimed to be entitled. Terremark disagreed with SGI on the impact of the reverse stock split on the number of shares of common stock to which SGI was entitled under the Warrants and the disagreement was never resolved.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SILICON VALLEY
TALLAHASSEE
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliances
Tokyo-Office/Strategic Alliance

Greenberg Traurig, LLP | Attorneys at Law | Met Life Building | 200 Park Avenue | New York, NY 10166 | Tel 212.801.9200 | Fax 212.801.6400

www.gtlaw.com

The Honorable Kenneth M. Karas
June 25, 2007
Page 2

Meanwhile, the Warrants expired at 5:00pm Eastern Time on March 31, 2007, with SGI never having exercised them. In particular, SGI failed to present and surrender the Warrants along with a duly executed Warrant Exercise Form as expressly required by the Warrants. SGI contends that it was not required to comply with the procedure prescribed by the Warrants.

**The Florida Action.** In light of the dispute between the parties as to whether the Warrants expired and the number of shares of common stock to which SGI would be entitled had the Warrants not expired, and SGI's failure to file its own action for more than a month after it threatened to file suit, Terremark commenced the Florida Action (Terremark is located in Florida and the relevant meetings took place in Florida). In the Florida Action, Terremark seeks a declaratory judgment determining (1) whether or not SGI properly exercised the Warrants, and (2) if so, in what quantity and at what price.

**New York Action.** Several days after SGI was advised by Terremark of the pendency of the Florida action, SGI filed this action in New York State Supreme Court, apparently in an attempt to litigate as a plaintiff in New York instead of a defendant in Florida. Defendants removed the case to this Court based on SGI's inclusion of a 10b-5 securities fraud claim against the Individual Defendants.

**Dismissal or Stay of the New York Action in Favor of the Prior-Filed Florida Action.** In this action, SGI seeks essentially the same declaratory relief Terremark seeks in the Florida Action. SGI asserts several additional causes of action for breach of contract and various torts based on non-disclosure, but they are all superfluous because the declaratory judgment Terremark seeks in Florida (and SGI seeks here) will fully resolve the dispute between the parties. This action is duplicative of the prior-filed Florida Action and therefore should be dismissed or stayed in favor of the Florida Action.

**Dismissal of Claims Against Individual Defendants in the New York Action for Lack of Personal Jurisdiction and Improper Venue.** If this action is not dismissed or stayed in favor of the prior-filed Florida Action, it should be dismissed in its entirety as to the Individual Defendants because the Court lacks personal jurisdiction over them and venue is improper. In particular, the Individual Defendants will show that the securities fraud claim, which provides the only basis for personal jurisdiction over them, should be dismissed for failure to state a claim (expiration of the statute of limitations, among other reasons), and that venue is improper as to them in any event.

**Dismissal of Claims Against All Defendants in the New York Action For Failure To State a Claim.** Each of the causes of action, except the claim for declaratory relief asserted against Terremark, should be dismissed as to all Defendants for failure to state a claim.

Greenberg Traurig, LLP

The Honorable Kenneth M. Karas
June 25, 2007
Page 3

The securities fraud claim, which is asserted only against the Individual Defendants, should be dismissed as time-barred, for failure to plead fraud with the specificity required by Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act, and for failure to plead loss causation.

Each of SGI's state law claims, all of which arise out of the same facts as those at issue in the claims for declaratory relief, fail to state a claim. SGI's pleading demonstrates that it failed to exercise the Warrants in accordance with the procedure spelled out in the Warrants and the Warrants expired by their own terms, so Terremark's declaration that the Warrants expired cannot be a breach of contract. The tort claims, all of which arise out of alleged non-disclosures relating to SGI's failure to properly exercise the Warrants, fail to state a claim because they are premised on the existence of a fiduciary relationship which SGI alleges generally, which is inconsistent with SGI's factual allegations and has no factual support.

Respectfully submitted,

*[signature]*

Robert A. Horowitz

cc:   Debra J. Guzov, Esq.  (via fax)
      Guzov Ofsink, LLC
      600 Madison Avenue
      New York, New York 11022
      *Attorneys for Plaintiff*

*[handwritten]:* The Court will hold a pre-motion conference on August 20 2007, at 2:15pm. Defendants' time to answer or otherwise respond to the complaint is stayed until then.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
7/17/07



# GUZOV OFSINK, LLC
ATTORNEYS AT LAW
600 MADISON AVENUE, 14TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 371-8008   FACSIMILE: (212) 688-7273
WWW.GOLAWINTL.COM

LONG ISLAND OFFICE:
200 BROADHOLLOW ROAD, SUITE 207
MELVILLE, NY 11747
TELEPHONE: (631) 293-2904 • FAX: (631) 293-4418

June 28, 2007

**VIA FEDERAL EXPRESS**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

              Re:     **Strategic Growth International, Inc. v. Terremark**
                      **Worldwide, Inc, et al, Case No. 07 CIV 5647 (KMK)**

Dear Judge Karas:

    We represent Strategic Growth International, Inc. ("our client") in this action, and write to provide certain relevant facts omitted from the June 25, 2007 correspondence, submitted by Defendants, requesting a pre-motion conference concerning Defendants' proposed motion to dismiss or stay this action for fraud (violation of Rule 10 b-5), breach of contract and the covenant of good faith and fair dealing, negligence and concealment, unjust enrichment and declaratory judgment (the "New York Action") in favor of an action filed by Defendants seeking declaratory judgment in Florida (the "Florida Action").

    In general, Defendants have properly articulated the substance of the parties' dispute, but have neglected to inform the Court about certain relevant facts. For example, it is accurate that our client seeks to exercise the remaining warrants issued by defendant Terremark Worldwide, Inc. ("Terremark") pursuant to a letter agreement. It is also accurate that in 2004, our client exercised a portion of the warrants. Importantly, however, Defendants failed to inform the Court that when our client exercised the warrants in 2004, it did so without presenting or surrendering the warrants with a duly executed Warrant Exercise Form. Now, three years later, Terremark is refusing to issue additional common stock, valued at nearly one million dollars, for the sole reason that our client allegedly failed to present a Warrant Exercise Form, which defendant Terremark never required nor requested in the past.



The Honorable Kenneth M. Karas
June 28, 2007
Page 2

Further, Defendants neglect to inform this Court that prior to commencing any litigation, the parties (and their respective counsel) engaged in intensive negotiations in the hopes of settling this entire dispute. As it became clear that the settlement was impossible, our client informed Defendants that it would be commencing an action in New York. Indeed, just a few days after our office confirmed to Defendants' Florida counsel that we would be filing an action in New York, defendant Terremark rushed to file and commenced the Florida Action. Accordingly, it is disingenuous for Defendants now to rely on the "first to file" rule after engaging in such blatant forum shopping. There is simply no reason to stay the New York Action in favor of the Florida Action.

In any event, Defendants well know that our client intends to move to dismiss the Florida Action because the parties agreed that any disputes arising out of their agreement would subject to the jurisdiction and laws of the State of New York, not Florida. Defendants also know that Florida lacks jurisdiction over our client, which caused no harm in Florida, has no office or employees in Florida, owns no property in Florida, neither conducts or solicits business in Florida, and has no other required minimum contacts in Florida.

In contrast, Defendants are subject to the jurisdiction in New York because Defendants made knowingly false promises and other misrepresentations to our client regarding the purchase, sale or exchange of securities in New York, not Florida. Defendants made such promises in order to induce our client to provide consulting services for defendant Terremark in New York, not Florida. All services conducted on behalf of defendant Terremark took place in New York, not Florida. Defendants caused harm to our client in New York, not Florida. Defendants improperly assert that Terremark's breach of contract (and other related claims) as well as the fraud carried out by defendants Manual Medina and Jose Segrera in connection the purchase, sale or exchange of securities are matters summarily addressed and resolved by the declaratory judgment action pending in Florida. We disagree.

Our client remains confident that the New York Action has merit, and our client is prepared to vigorously oppose: (1) a motion stay the New York Action pending the determination of the Florida Action: or (2) a motion to dismiss the New York Action based on Defendants' meritless defense that this Court lacks jurisdiction or that our client has failed to state a claim.

We are prepared to appear to before the Court to discuss this matter in greater detail, if necessary.

GUZOV OFSINK, LLC

The Honorable Kenneth M. Karas
June 28, 2007
Page 3

We thank you for your consideration in this matter.

Respectfully submitted,

GUZOV OFSINK, LLC

By: _____
Debra J. Guzov

cc:   Robert A Horowitz, Esq. (via First Class Mail)
      Greenberg Traurig
      Met Life Building
      200 Park Avenue
      New York, New York 10166
      *Attorneys for Defendants*