GREENBERG TRAURIG, LLP
Robert A. Horowitz (RH-2814)
200 Park Avenue
New York, New York 10166
Tel.: (212) 801-9200

*Attorneys for Terremark*
*WorldWide, Inc., Manuel*
*Medina, and Jose Segrera*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

STRATEGIC GROWTH INTERNATIONAL, INC.,

                          Plaintiff,

           -against-

TERREMARK WORLDWIDE, INC.,
MANUEL MEDINA, and JOSE SEGRERA,

                       Defendants.

------------------------------------------------------------------- x

Case No.: 07 CIV 5647 (KMK)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO DISMISS OR STAY THIS ACTION IN FAVOR OF THE PRIOR-FILED
FLORIDA ACTION OR, IN THE ALTERNATIVE, TO DISMISS THIS CASE IN
ITS ENTIRETY AS TO THE INDIVIDUAL DEFENDANTS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE, AND TO DISMISS ALL
THE CAUSES OF ACTION, OTHER THAN THE CLAIM FOR DECLARATORY
<u>RELIEF, FOR FAILURE TO STATE A CLAIM.</u>**

GREENBERG TRAURIG, LLP
Robert A. Horowitz (RH-2814)
200 Park Avenue
New York, New York 10166
Tel.: (212) 801-9200

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page**

Table of Authorities ................................................................................................. iii

Introduction ............................................................................................................. 2

Factual Background ................................................................................................. 3

Procedural Background ............................................................................................ 5

Argument

I.   This Action Should Be Dismissed or Stayed in Favor of
     the Prior Pending Florida Action ................................................................ 6

     A.   The Florida Action and this Action Involve Substantially
          the Same Issues .................................................................................. 7

     B.   The Balance of Convenience Does Not Favor This Action ............. 8

II.  If This Action Is Not Dismissed Or Stayed in Favor Of the Florida
     Action, It Should Be Dismissed In its Entirety As To The Individual
     Defendants Pursuant to Fed. R. Civ. P. 12(b)(2) For Lack Of Personal
     Jurisdiction And 12(b)(3) For Improper Venue ...................................... 11

     A.   If The Securities Fraud Claim Is Dismissed, The Court Will
          Not Have Personal Jurisdiction Over The Individual
          Defendants ....................................................................................... 11

     B.   Regardless Of Whether The Securities Claim Is Dismissed,
          Venue Is Improper As To All The Claims Against Individual
          Defendants ....................................................................................... 13

III. If This Action Is Not Dismissed or Stayed In Favor Of The Florida
     Action, All the Causes of Action, Other Than the Claim for Declaratory
     Judgment Against Terremark, Should Be Dismissed For Failure
     To State A Claim .................................................................................... 14

     A.   SGI's Securities Fraud Claim, Asserted Against The Individual
          Defendants, Is Untimely and Fails to Allege Any Misrepresentations
          of Scienter with the Requisite Specificity ..................................... 14

     B.   SGI Has Failed to State a Claim for Breach of the Letter
          Agreement Because It Acknowledges That It Failed to Comply

with the Procedures to Exercise the Warrants As Expressly
Set Forth In the Warrants Issued Pursuant to
the Letter Agreement ............................................................... 16

C.    SGI Fails to State a Claim for Breach of the Obligations of
Good Faith and Fair Dealing ........................................... 17

D.    SGI Fails to State a Claim for Negligence Because the Claim
Rests on SGI's Conclusory Allegation That It Was Owed a
Fiduciary Duty, Which Is Inconsistent with the Factual
Allegations Contained in the Complaint ........................................ 18

E.    SGI Fails to State a Claim for Negligent Misrepresentation
Because It Does Not Adequately Allege Any Basis for Defendants
Owing It a Duty to Disclose ........................................... 19

F.    SGI Fails to State a Claim for "Intentional Concealment
Negligent Nondisclosure" .............................................. 20

G.    SGI Fails to State a Claim for Unjust Enrichment ........................ 20

Conclusion   ............................................................................................ 21

## TABLE OF AUTHORITIES

**Page**

Cases

*Adelaide Productions, Inc. v. BKN International, A.G.*, 38 A.D.3d 221, 225
    834 N.Y.S.2d 37 (1st Dep't 2007)...................................................................21

*Atlantis Information Technology, GmbH v. CA, Inc.*, No. 06-cv-3921 (ADS)
    2007 WL 1238716 9 (E.D.N.Y. April 30, 2007)..............................................18

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriquez*, 171 F.2d 779, 791
    (2d Cir. 1999) .................................................................................................12

*Banker v. Esperanza Health Systems, LTD.*, No. 05 Civ. 4115 (MBM)
    2005 WL 3077513 (S.D.N.Y. Nov. 17, 2005)
    *rev'd on other grounds* 201 Fed. Appx. 13, 2006, No. 06-0603-cv,
    WL 2853045 (2d Cir. Sept. 29, 2006) .............................................................12

*Better Benefits, Inc. v. Protective Life Insurance*, No. 03 Civ. 2820 (LAP),
    2004 WL 633730 at *4 (S.D.N.Y. March 30, 2004) ........................................19

*Baosteel America Inc. v. M/V "Ocean Lord,"* 257 F.Supp.2d 687, 689
    (S.D.N.Y. 2003).................................................................................................9

*Black Car and Livery Insurance, Inc. v. H&W Brokerage, Inc.*, 10 Misc.3d 1075(A)
    814 N.Y.S.2d 889, 2006 WL 1766660 at *4 ....................................................18

*Boutari and Son, Wines and Spirits S.A. v. Attiki Importers and Distributors*
    Incorporated, 22 F.2d51, 52 (2d Cir. 1994)........................................................9

*Cal Distributor Inc. v. Cadbury Schweppes Americas Beverages*, 2007
    WL 54534 at *9 (S.D.N.Y. Jan. 5, 2007) .........................................................19

*Central National-Gottesman, Inc. v. MV "Ertrude Oldendorff,"* 204 F.
    Supp.2d 675, 678 9 (S.D.N.Y. 2002) .....................................................................

*Chambers Associates, LLC v. Acquisition LLC*, 37 A.D.3d 365,
    831 N.Y.S. 2d 55 (1st Dep't 2007)...................................................................18

*Everest Capital Limited LTD. v. Everest Funds Management, LLC,*
    178 F.Supp.2d 459, 468 (S.D.N.Y. 2002) ........................................................10

*Fleet Capital Corp. v. Mullins*, No. 03 Civ. 6660, 2004 WL 548240 at *4 ...................6

iii

*GTM Corp. v. Quicksilver*, No. 02 Civ. 2229 (GBD), 2002 WL 1788016
at \*3 (S.D.N.Y. Aug. 1, 2002)....................................................................7

*Hargave v. Oki Nursery, Inc.*, 646 F.2d 716, 720 (2d Cir. 1980)....................................11

*Hilb Rogal & Hobbs Company v. Macginni*tie, No. Civ. A3:04 1541 (JCH)
WL 441509 at \*4 (D.Conn. Feb.14, 2005).............................................7

*J. Lyons & Co. LTD.* v. The Republic of Tea, Inc., 892 F.Supp.386, 491-92
(S.D.N.Y. 1995)............................................................................................8

*Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 19990)...................................................12

*Mena Films Inc.v. Painted Zebra Productions*, No. 601050/2006, 2006 WL 2919517
(Oct. 10, 2006 N.Y.Sup.)............................................................................9

*McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.*,
644 F.Supp. 580, 586 (E.D.Mich. 1986) .............................................11

*Regions Bank v. Wider & Mastroianni, PC*, 170 F.Supp.2d 436  (S.D.N.Y. 2002).....6, 7

*Slapshort Beverage Company, Inc. v. Southern Packaging Machinery, Inc.*,
980 F.Supp. 684, 690 (E.D.N.Y. 1997)...............................................15

*SST Global Technology, LLC v. Chapman*, 270 F.Supp.2d 444, 452
9S.D.N.Y. 2003)..........................................................................................13

*The GMS Group, Inc. v. Sentinel Trust Company, Network Mortgage Services, Inc.*,
No. 97 CIV 1342 (WK), 1997 WL 414147 at \*2 (S.D.N.Y.
July 23, 1997)...........................................................................................11

*Theo Bullmore v. Banc of America Securities, LLC*, No. 05 Civ. 10206 (LAK),
2007 WL 1225549 at \*2 (S.D.N.Y. April 27, 2007)..........................................18
k
*In re Salomon Smith Barney Mutual Fund Fees Litigation*, 441 F.Supp.2d 579
(S.D.N.Y. 2006).............................................................................................6

*Walker v.Progressive Casualty Insurance*, No. C03-656R, 2003 WL 21056704
AT \*3 (W.D. Wash. March 13, 2003)..............................................................7

<u>Federal Statues</u>

Fed. R. Civ. P. 12(b)(2) ..............................................................................2

Fed. R. Civ. P. 12(b)(3) ..............................................................................2

Fed. R. Civ. P. 12(b)(6) ..............................................................................2

15 U.S.C. §78aa ........................................................................................11

15 U.S.C. §78b ..........................................................................................14

28 U.S.C. §1367 ........................................................................................13

28 U.S.C. §1391(b) ....................................................................................14

28 U.S.C. §1658(b) ....................................................................................14

§10(b) Securities Exchange Act of 1934 ....................................................14

§21(D)(b)(1) Securities Exchange Act of 1934 ..........................................15

§21(D)(b)(2) Securities Exchange Act of 1934 ..........................................16

<u>Other</u>

CPLR 302(a)(3) ........................................................................................13

**Introduction**

Terremark Worldwide, Inc. ("Terremark"), and Manuel Medina ("Medina") and Jose Segrera ("Segrera") (collectively, "Individual Defendants," and with Terremark, collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss or stay this action in favor of the prior pending action Terremark filed against Strategic Growth International, Inc. ("SGI") in the Circuit Court for the 11th Judicial District in Florida ("Florida Action"). Alternatively, the Individual Defendants move to dismiss the action in its entirety as to them pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue, and all Defendants move to dismiss all the causes of action, except for the declaratory judgment claim asserted against Terremark, pursuant to Fed. R. Civ. P. 12(b)(6).

Both this action and the Florida Action arise out of SGI's purported exercise of certain warrants ("Warrants") issued by Terremark pursuant to a letter agreement dated April 1, 2002 ("Letter Agreement"). In 2004, SGI exercised its warrant rights in part. Thereafter, in March 2007, SGI advised Terremark by letter that it intended to exercise the Warrants and set forth its calculation of the number of shares of common stock to which it claimed to be entitled. Terremark disagreed with SGI's calculation and the parties never agreed on the number of shares of common stock to which SGI was entitled under the Warrants.

The Warrants then expired at 5:00pm Eastern Time on March 31, 2007, because SGI failed to properly exercise them. In particular, SGI failed to present and surrender the Warrants along with a duly executed Warrant Exercise Form as expressly required by

2

the Warrants. SGI contends that it was not required to comply with the procedure prescribed by the Warrants.

In light of the dispute between the parties as to whether the Warrants expired and the number of shares of common stock to which SGI would be entitled had the Warrants not expired, Terremark commenced the Florida Action, in which it seeks a declaratory judgment determining (1) whether or not SGI properly exercised the Warrants, and (2) if so, in what quantity and at what price. A copy of the Complaint filed in the Florida Action is attached as Exhibit A to the accompanying Declaration of David Freedman dated June 22, 2007 ("Freedman Decl.").

Several days after SGI was advised by Terremark of the pendency of the Florida action, it filed this action, in which it seeks essentially the same declaratory relief Terremark seeks in the Florida Action. SGI's additional causes of action, which sound in breach of contract and tort, are superfluous because the declaratory judgment Terremark seeks in Florida (and SGI seeks here) will fully resolve the dispute between the parties. This action is duplicative of the prior filed Florida Action and therefore should be dismissed or stayed in favor of the Florida Action.

If this action proceeds, it should be dismissed in its entirety as to the Individual Defendants because the Court lacks personal jurisdiction over them and venue is improper, and all the causes of action, except the claim for declaratory relief, should be dismissed as to all Defendants for failure to state a claim.

## Factual Background

On or about April 1, 2002, Terremark and SGI entered into the Letter Agreement pursuant to which SGI was retained to provide certain consulting and investing services

3

for Terremark during the proceeding 12 months. Complaint ¶1. A copy of the Letter Agreement is attached as Exhibit B to the Freedman Decl.[1]

In accordance with the Letter Agreement, Terremark paid SGI $10,000 per month and issued warrants to purchase 1.2 million shares of Terremark common stock, 600,000 at a strike price of $.40 per share and 600,000 at a strike price of $.75 per share. Complaint ¶¶17, 18. Copies of the Warrants issued to SGI in April 2002 pursuant to the Letter Agreement are attached as Exhibit C to the Freedman Decl. Unless the Warrants were properly exercised, they expired on March 31, 2007 at 5:00 pm Eastern time.

In May 2004, SGI exercised one of the Warrants for 330,000 shares of Terremark stock at $.40 per share. Complaint ¶22. Because SGI elected a cashless exercise, i.e., it elected to pay for the shares by surrendering shares with sufficient value to cover the strike price, it received 154,000 registered shares of Terremark stock. Complaint ¶¶22-24. The Warrant for 600,000 shares at $.40 per share was replaced with a new warrant for the remaining 270,000 shares. A copy of the new Warrant is attached as Exhibit D to the Freedman Declaration.

In 2005, Terremark carried out a reverse stock split, pursuant to which each ten (10) shares of outstanding Terremark stock were replaced with one (1) share of "new" Terremark stock. On February 23, 2007, SGI advised Terremark by fax that it desired to exercise the Warrants for 2000 shares at $4.00 (adjusted for the reverse 1:10 stock split) and 3000 shares at $7.50 per share (adjusted for the reverse 1:10 stock split). Complaint ¶26. Based on the calculations contained in the February 23 fax, Terremark responded that "we appear to have a discrepancy in the number of post reverse-split warrants held

---

[1]     The documents attached as Exhibits B-E to the Freedman Decl. are copies of the documents referenced in the Complaint.

by SGI which we need to discuss." Complaint ¶30.  On March 28, 2007, SGI advised

Terremark by fax that it intended to exercise the Warrants for all the shares to which it

claimed to be entitled under the Warrants: 70,000 shares at $4.00 per share (adjusted for

the reverse stock split) and for 400,000 shares at $7.50 per share (adjusted for the reverse

stock split).  Complaint ¶37.   In the letter, SGI explained that notwithstanding the 1:10

reverse split, it was entitled to 800,000 shares based on the Letter Agreement, instead of

the 120,000 shares to which it would be entitled had the Letter Agreement been silent as

to the effect of a reverse split.  The parties never resolved the number of shares to which

SGI was entitled under the Warrants and the Letter Agreement referenced therein.

Each Warrant delivered to and accepted by SGI in 2002 and 2004 specifically set

forth the steps required to exercise the Warrants:

> [P]resentation and surrender of the Warrant to the Company at its principal office,
> or at the office of the Warrant Agent, if any, with the Warrant Execution Form
> attached hereto duly executed…

SGI never complied, i.e., it did not surrender the Warrants or submit a duly executed

Warrant Election Form.  Therefore, the Warrants expired by their terms on March 31,

2007 at 5:00 p.m. Eastern time.   On April 3, 2007, Terremark's outside counsel advised

SGI that the Warrants expired because SGI did not exercise them in accordance with the

procedures clearly set forth in the Warrants.  Complaint ¶38.  A copy of the April 3, 2007

letter is attached as Exhibit E to the Freedman Decl.

**Procedural Background**

In light of the dispute as to whether the Warrants expired and the number of

shares to which SGI had been entitled pursuant to the Letter Agreement and the

Warrants, Terremark commenced the Florida Action on May 14, 2007 to obtain a

declaratory judgment as to the rights and obligations of the parties. Terremark filed in

Florida because Florida is Terremark's principal place of business and all meetings

between Terremark and SGI in connection with the Letter Agreement and the exercise of

the Warrants took place in Florida. On or about May 14, 2007, Terremark advised SGI,

through counsel, that it had filed the Florida Action. Three days later, on May 17, 2007,

SGI filed this action, in which it seeks essentially the same declaratory relief as

Terremark has requested in the Florida Action.

## Argument

### I.    This Action Should Be Dismissed Or Stayed in Favor of the Prior Pending Florida Action.

It is well established in the Second Circuit that "where two actions involve

substantially the same issues, the first suit should have priority absent the showing of a

balance of convenience in favor of the second action, or unless there are special

circumstances which justify giving priority to the second." *Fleet Capital Corp. v.

Mullins*, No. 03 Civ.6660, 2004 WL 548240, at * 4 (S.D.N.Y. March 18, 2004) (quoting

*Regions Bank v. Wider & Mastroianni, PC*, 170 F.Supp.2d 436 (S.D.N.Y. 2001).) "The

purposes behind this rule are to avoid duplication of judicial effort, to avoid vexatious

litigation in multiple forums, to achieve comprehensive disposition of litigation among

parties over related issues, and to eliminate the risk of inconsistent judgments." *Id.*

"Where there are two competing lawsuits, the first suit should have priority, absent the

showing of balance of convenience...or...special circumstances...giving priority to the

second." *In re Salomon Smith Barney Mutual Fund Fees Litigation*, 441 F.Supp.2d 579,

608 (S.D.N.Y. 2006) (granting motion to stay claims that were "substantially identical"

to the claims asserted in a previously filed action). "[T]he party asserting exceptions to

the first-filed rule bears the burden to show that equitable considerations recommend the later action, and must overcome the 'strong presumption in favor of the forum of the first-filed suit.'" *GTM Corp. v. Quicksilver*, No. 02 Civ. 2229 (GBD), 2002 WL 1788016, at*3 (S.D.N.Y. Aug. 1, 2002). (citations omitted).

### A.     The Florida Action and This Action Involve Substantially the Same Issues.

Both the Florida Action and this action arise out of SGI's effort to exercise the Warrants issued to it pursuant to the Letter Agreement.  The issues are common and both cases seek essentially the same declaratory relief: (1) whether SGI properly exercised the Warrants, and (2) if so, the number of shares to which it was entitled.

The additional causes of action SGI has elected to assert in this action all arise out of the same nucleus of facts and the same conduct.  The additional claims are superfluous, as the declaratory relief sought will resolve the entire dispute between the parties.[2]  Slight differences in the claims asserted do not prevent application of the first-filed rule where the underlying complained-of conduct is almost identical. *Walker v. Progressive Casualty Insurance*, No. C03-656R, 2003 WL 21056704, at *3 (W.D.Wash. March 13, 2003). *See also Regions Bank v. Wider*, 170 F.Supp.2d 436, 439 (S.D.N.Y. 2001) (holding that in applying the first-to-file rule courts look at whether the actions have "substantially the same issues.")  "Claims are duplicative if they arise from the same nucleus of fact." *Hilb Rogal & Hobbs Company v. Macginnitie*, No.Civ.A.3:04CV1541 (JCH), 2005 WL 441509, at * 4 (D.Conn. Feb. 14, 2005) (holding that a claim for breach

---

[2]  If a declaratory judgment is entered in Terremark's favor, it will owe SGI nothing.  If, on the other hand, a declaratory judgment is entered in SGI's favor, then SGI will receive that to which it is entitled pursuant to that judgment.  The "contract" and "tort" claims add nothing.

of contract and an action to rescind that contract are logically based on the same nucleus of facts: the enforceability of the contract.)

**B.    The Balance of Convenience Does Not Favor This Action.**

In considering the balance of convenience, courts consider the factors applicable to a motion for a change of venue pursuant to 28 U.S.C. § 1404(a).  These factors include:  (1) the convenience of witnesses; (2) the location of the relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *J. Lyons & Co. LTD. v. The Republic of Tea, Inc.*, 892 F.Supp. 486, 491-92 (S.D.N.Y. 1995).

Here, SGI's choice of forum should be given little weight because SGI filed its action in New York to be a plaintiff only after Terremark's counsel advised SGI that Terremark had filed the Florida Action.  As set forth in the accompanying Declaration of David Freedman, on April 11, 2007, SGI's counsel wrote a letter threatening suit if the dispute was not resolved by April 13. (Freedman Decl. ¶7.)  Terremark waited several weeks to be served with a complaint, but received nothing, and Mr. Freedman's telephone calls to SGI's counsel to inquire about the suit and offer to accept service were not returned. (*Id. at* ¶9.)  Mr. Freedman finally received a return telephone call from an attorney with the firm representing SGI, who confirmed that SGI still had not filed suit and that SGI had not yet even selected local counsel (indicating that SGI intended to file, if at all, in Florida). (*Id. at* ¶10.)  Frustrated over the lack of any progress, and in a desire

to get the matter resolved, Terremark took the initiative and filed its action for a declaratory judgment in Florida. (*Id. at* ¶11.) Mr. Freedman advised the office of SGI's counsel that Terremark had filed the Florida action, provided the style and case number, and inquired if their office desired to accept service. (*Id.*) It was apparently in response to that filing that SGI decided to quickly file its suit in New York to avoid being a defendant in Florida. (*Id. at* ¶12.) Under these circumstances, SGI's choice of forum should be afforded little, if any, weight.[3]

The other factors to be weighed in considering the balance of convenience are mostly neutral, and therefore do not favor this action:

---

[3]  SGI no doubt will contend that this case should proceed in New York because of the consent to New York jurisdiction in the Letter Agreement: "The agreement shall be governed by and subject to the jurisdiction of and law of New York State and the United States of America." While, by virtue of that provision, the parties may have consented to jurisdiction in New York, they certainly did not select New York as the exclusive jurisdiction for any disputes arising out of the Letter Agreement. In *Boutari and Son, Wines and Spirits S.A v. Attiki Importers and Distributors Incorporated*, 22 F.3d 51, 52 (2d Cir. 1994), the Agreement read: "[a]ny dispute arising between the parties hereunder shall come within the jurisdiction of the competent Greek courts, specifically of the Thessaloniki Courts." The Second Circuit held that the clause did not deprive the Eastern District of New York of jurisdiction. "The general rule in cases containing forum selection clauses is that when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Boutari*, 22 F.3d at 52 (citations omitted). The use of the word "shall" was insufficient to grant exclusive jurisdiction. "For a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language. However, in the situation where only jurisdiction is specified, the clause will generally not be enforced without additional language indicating the intent of the parties to make jurisdiction exclusive." *Baosteel America Inc, v. M./V "Ocean Lord,"* 257 F.Supp.2d 687, 689 (S.D.N.Y. 2003), quoting *Central National-Gottesman, Inc. v. MV "Ertrude Oldendorff,"* 204 F. Supp.2d 675, 678 (S.D.N.Y. 2002). Similarly, in *Mena Films, Inc., v. Painted Zebra Productions*, No. 601050/2006, 2006 WL 2919517 (Oct. 10, 2006 N.Y.Sup.) the court held that the clause, "[t]his Agreement shall be governed by California Law and shall be subject to the jurisdiction of the Federal and State Courts located in Los Angeles County," did not confer exclusive jurisdiction on California courts. "[C]lauses that confer jurisdiction with the words 'to the extent permitted by applicable laws,' 'shall be litigated,' 'shall be prosecuted,' or 'shall have exclusive jurisdiction,' are mandatory forum selection clauses. In contrast, clauses that read a party 'has submitted to the jurisdiction of' or a particular court 'shall have jurisdiction over the parties' are permissive. *Id.*, at *1-2. In any event, the consent to jurisdiction contained in the Letter Agreement would be inapplicable to the Individual Defendants because they are not a parties to the Letter Agreement.

- Terremark's witnesses are located in Florida while SGI's witnesses are located in New York.

- Terremark's documents are located in Florida while SGI's documents presumably are located in New York.

- Terremark's principal place of business is in Florida, while SGI's principal place of business is in New York.

- There do not appear to be any relevant third party witnesses whose attendance would have to be compelled.

- While the Letter Agreement is governed by New York law, the Warrants which SGI accepted and desires to exercise expressly state that they are governed by Florida law. In any event, "[w]here an action does not involve complex question of another state's laws, courts in this district accord little weight to this factor on a motion to transfer venue." *Everest Capital Limited LTD. v. Everest Funds Management, LLC*, 178 F.Supp.2d 459, 468 (S.D.N.Y. 2002) (citations omitted).

- The "locus" of operative facts is in Florida because all meetings between Terremark and SGI took place in Florida. This factor favors Terremark.

- Terremark has substantially greater revenues than SGI, but SGI does business internationally and has done consulting work for other companies in Florida similar to that which it did for Terremark in Florida.

Finally, as set forth below at Point II, *infra*, the Individual Defendants are not subject to personal jurisdiction in New York and venue is improper as to them. On the

other hand, if SGI seriously intends to proceed against them individually, they are

amenable to process in Florida where the prior-filed action is pending.

In light of the above, there is no reason for the Court to deviate from the rule that

requires that this action be stayed in favor or the first-filed Florida Action.

**II.    If This Action Is Not Dismissed Or Stayed In Favor Of The Florida Action, It Should Be Dismissed In Its Entirety As To The Individual Defendants Pursuant To Fed. R. Civ. P. 12(b)(2) For Lack Of Personal Jurisdiction And 12(b)(3) For Improper Venue.**

**A.    If The Securities Fraud Claim Is Dismissed, The Court Will Not Have Personal Jurisdiction Over The Individual Defendants.**

Personal jurisdiction over the Individual Defendants is established in this case by

Section 27 of the Exchange Act, 15 U.S.C. §78aa, which provides for nationwide service

of process for claims asserted under the Exchange Act.  When such a claim is asserted,

personal jurisdiction is also established for the supplemental state law claims.  *See e.g.,*

*The GMS Group, Inc. v. Sentinel Trust Company, Network Mortgage Services, Inc.*, No.

97 CIV.1342 (WK), 1997 WL 414147, at *2 (S.D.N.Y. July 23, 1997) (citing *Hargrave*

*v. Oki Nursery, Inc.*, 646 F.2d 716, 720 (2d Cir. 1980).)  However, if the securities claim

is dismissed, as it should be here (see Point III.A., *infra*), the state law claims against the

Individual Defendants can proceed only if there is an independent basis for the Court to

exercise personal jurisdiction over them.  *McIntyre's Mini Computer Sales Group, Inc.  v.*

*Creative Synergy Corp,* 644 F.Supp. 580, 586 (E.D.Mich. 1986) (holding that defendant

did not waive his personal jurisdiction defense by not asserting it in his motion to dismiss

because the RICO cause of action in the complaint, for which there was nationwide

service of process, made the defense unavailable, but once the RICO claim was

dismissed, a motion to dismiss the state law claims for lack of personal jurisdiction was timely.)

Here, if the securities claim is dismissed, the issue is whether the Individual Defendants, as non-domiciliaries, are subject to personal jurisdiction pursuant to New York's long arm statute, CPLR 302(a). The only possible subsection of New York's long arm statute under which the Individual Defendants could conceivably be subject to long arm jurisdiction in New York is CPLR 302 (a)(3), which applies if the defendant committed a tortious act outside New York and the tortious act caused injury to persons or property within New York. Here, SGI alleges tortious acts outside of New York (Florida), but does not allege that those acts caused injury in New York.

An injury does not occur within New York merely because it is where the plaintiff resides or where he suffered economic loss. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez* 171 F.3d 779, 791 (2d Cir. 1999) ("(c)ourts determining whether there is an injury in New York sufficient to warrant 302(a)(3) jurisdiction must generally apply a situs of injury test, which asks them to locate the original event which caused the injury." (Citations omitted). "The situs of an injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990).

In *Banker v. Esperanza Health Systems, LTD.*, No.05 Civ. 4115 (MBM), 2005 WL 3077513 (S.D.N.Y. Nov. 17, 2005), *rev'd on other grounds*, 201 Fed. Appx. 13, No. 06-0603-cv, 2006 WL 2853045 (2d Cir. Sept. 29, 2006), plaintiff alleged that the individual defendants committed a tortious act outside New York by conspiring to deprive him of fees and services he rendered in New York. Banker alleged that the event

giving rise to his fraud claims was his tendering of legal services in New York. The court held that "the situs of Banker's injury [was] where the individual defendants devised and carried out their alleged plan to deprive him of payment for his services, which according to Banker's complaint was in Texas and California." *Id.*, at *8. The court concluded that the plaintiff did not suffer any injury within New York and therefore, the individual defendants were not subject to personal jurisdiction under CPLR 302(a)(3).

Here, all the alleged tortious acts took place in Florida, so the "injury" occurred, if at all, in Florida.

**B.    Regardless Of Whether The Securities Claim Is Dismissed, Venue Is Improper As To All The Claims Against Individual Defendants.**

Even if the securities fraud claim is not dismissed, all the claims against the Individual Defendants would have to be dismissed for improper venue. Section 27 of the Exchange Act provides for venue "in the district wherein any act or transaction constituting the violation occurred" or wherein the defendant is found or is an inhabitant or transacts business." As is the case with respect to personal jurisdiction, if venue is proper under Section 27, venue also is proper for the pendent state claims. *SST Global Technology, LLC v. Chapman,* 270 F.Supp.2d 444, 452 (S.D.N.Y. 2003). Here, however, venue is improper in New York because the alleged misrepresentations constituting the violation occurred in Florida, and neither of the Individual Defendants are found in, are an inhabitant of, or transact business in New York.

Because venue is improper under Section 27, the issue is whether there is an independent basis for venue with respect to the state law claims. In this case, jurisdiction is not founded solely on diversity of citizenship (subject matter jurisdiction is founded on supplemental jurisdiction pursuant to 28 U.S.C. §1367). Therefore, venue for the state

law claims is determined by 28 U.S.C §1391(b), which provides for venue in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Under this general venue provision, venue is improper in New York and venue would be proper in Florida (where the Individual Defendants reside and where the events or omission giving rise to claim occurred).

**III.    If This Action Is Not Dismissed Or Stayed In Favor Of The Florida Action, All the Causes of Action, Other Than the Claim for Declaratory Judgment Against Terremark, Should Be Dismissed For Failure To State A Claim.**

> **A.    SGI's Securities Fraud Claim, Asserted Against The Individual Defendants, Is Untimely and Fails to Allege Any Misrepresentations or Scienter with the Requisite Specificity.**

In its first cause of action, SGI alleges that the Individual Defendants violated Rule 10b-5 promulgated pursuant to §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78b, based on alleged misrepresentations made in connection with the issuance of the Warrants in April 2002. The claim is time-barred.

The statute of limitations for securities fraud actions is: "[T]he earlier of -- (1) 2 years after discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. §1658(b). The 5 year period of repose is an absolute time bar. Here, the alleged misrepresentations were made in discussions leading to the execution of the Letter Agreement and the issuance of the Warrants pursuant to the Letter Agreement.

The Letter Agreement and Warrants are dated April 1, 2002, which is more than 5 years before SGI filed this action. Therefore, the claim is time-barred.

In addition, the complaint fails to identify the substance of any misrepresentations and fails to plead scienter with the specificity required by Fed. R. Civ. P. 9(b) ("the circumstances constituting the fraud must be stated with particularity") and §21(D)(b)(1) of the Exchange Act (the complaint shall specify "each statement alleged to have been misleading" and "the reason or reasons why the statement is misleading.") SGI alleges that the Individual Defendants made two purported misstatements.

SGI alleges that the Individual Defendants "promised Strategic Growth certain options to purchase shares of Terremark's common stock, in lieu of paying Strategic Growth its standard fee." In fact, SGI issued the Warrants for the number of shares and at the strike prices specified in the Letter Agreement. Freedman Decl., Ex. B. Even if Terremark had not issued the Warrants and, as SGI alleges, Individual Defendants "knew that Terremark would not fully honor the promises," Complaint ¶42, entering into a contract with no intent to perform, gives rise to a breach of contract claim, not fraud. *Slapshot Beverage Company, Inc, v. Southern Packaging Machinery, Inc.*, 980 F.Supp. 684, 690 (E.D.N.Y. 1997) (noting that plaintiff was attempting to transform a breach of contract into a tort where "[t]he essence of the alleged misstatements [was] that [SPI] would satisfactorily perform the contract.")

SGI also alleges that the Individual Defendants "repeatedly, yet falsely, claimed that Terremark had secured contracts and agreements with major corporate entities that were committed to using and paying for Terremark's network access point and related internet infrastructure and managed services." Complaint ¶¶12, 42. SGI fails to allege

15

who made the statements, exactly what was said (e.g., what contracts and agreements with which corporate entities), and therefore it is impossible to determine whether whatever was said was, in fact, actionable.

Finally, SGI fails to comply with §21(D)(b)(2) of the Exchange Act, which requires that, with respect to each alleged misrepresentation, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with" scienter.  To adequately allege scienter, SGI would have to identify with specificity the representation at issue and state specific facts giving rise to a strong inference that the Individual Defendants knew the representations were false or acted with conscious disregard for their truth.  SGI's allegations are woefully insufficient, as SGI simply alleges that Individual Defendants made unspecified misrepresentations concerning "contracts and agreements with major corporate entities" to induce SGI to accept the Warrants in lieu of its "standard fee."[4]  Conclusory allegations, such as those here, are insufficient to satisfy the heightened pleading standard.

**B.      SGI Has Failed to State a Claim for Breach of the Letter Agreement Because It Acknowledges That It Failed to Comply with the Procedures to Exercise the Warrants As Expressly Set Forth In the Warrants Issued Pursuant to the Letter Agreement.**

In its second cause of action, SGI alleges that Terremark breached the Letter Agreement "by asserting that Strategic Growth's rights to exercise its options have expired, and are of no force or effect."  Complaint ¶49.  SGI correctly states that: "The agreement contained no language and provided no formal instructions as to how Strategic growth was to exercise its options," Complaint ¶19, and "The Agreement made no

---

[4]      An internet search of SGI reveals SGI's standard consulting contract, which is strikingly similar to the Letter Agreement.  Its standard contract includes a standard fee that, like here, is part cash (a monthly payment of $8,000 compared to the $10,000 provided for in the Letter Agreement) plus options.

reference to a warrant exercise form, and made no requirement that Strategic Growth represent [sic] or surrender such a form to Terremark in order to exercise the options." Complaint ¶20. However, SGI completely ignores the fact that the Warrants issued pursuant to the Letter Agreement, which Warrants were accepted by SGI and to which the Letter Agreement is attached as an exhibit, provided that each Warrant could be exercised anytime before March 31, 2007 by surrendering the Warrants along with a properly executed Warrant Exercise Form. SGI does not allege that it complied with the procedure set forth in the Warrants. On the contrary, SGI's failure to surrender the Warrants or submit a properly executed Warrant Exercise Form forms the basis for its allegations in ¶¶57, 62, and 69 of the Complaint. In light of SGI's admission that it failed to comply with a condition precedent, it has failed to state a claim for breach of contract.

    **C.**    **SGI Fails to State a Claim for Breach of the Obligation of Good Faith and Fair Dealing.**

In its third cause of action, SGI alleges that Terremark breached the implied obligation of good faith and fair dealing by its "failure to inform Strategic Growth that Terremark would honor Strategic Growth's right to exercise its options only if Strategic Growth presented or surrendered a warrant exercise form -- when no such form had been required in the past." Complaint ¶53. This claim can easily be disposed of as a matter of law. Breach of the implied covenant of good faith and fair dealing is not a separate cause of action; it is subsumed in a claim for breach of contract. *See Black Car and Livery Insurance, Inc. v. H&W Brokerage, Inc.*, 10 Misc.3d 1075 (A), 814 N.Y.S.2d 889, 2006 WL 1766660, at *4 (N.Y.Sup. Jan. 23, 2006) (holding that a separate cause of action for breach of the implied covenant of good faith and fair dealing is duplicative of the cause of action for breach of contract.) *See also Chambers Associates, LLC v. Acquisition LLC,*

37 A.D.3d 365, 366, 831 N.Y.S.2d 55, 56 (1st Dep't 2007) (dismissing a cause of action

for breach of the covenant of good faith and fair dealing as deficient and also duplicative

of the insufficient breach of contract claims).   Moreover, a party cannot breach the

implied covenant of good faith and fair dealing by simply requiring the other side to

adhere to the express provisions of the contract.   Finally, Terremark had no duty under

the Letter Agreement to advise SGI that it would require SGI to follow the procedure

required to exercise the Warrants as expressly set forth in the Warrants.

> **D.**     **SGI Fails to State a Claim for Negligence Because the Claim Rests on SGI's Conclusory Allegation That It Was Owed a Fiduciary Duty, Which Is Inconsistent with the Factual Allegations Contained in the Complaint.**

       In its fourth cause of action, SGI alleges that all the Defendants were negligent

because they owed SGI a fiduciary duty and "failed to properly exercise reasonable care

to ensure that Strategic Growth was adequately informed about how to properly exercise

its options."  Complaint ¶¶56-57.  SGI fails to state a claim because its factual allegations

do not support the conclusory allegation that Defendants owed SGI a fiduciary duty:

> In deciding a motion to dismiss, the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Allegations of fraud and breach of fiduciary duty consisting of fraud, however, are subject to a higher standard under Rule 9(b).

*Theo Bullmore v. Banc of America Securities, LLC,* No. 05 Civ. 10206 (LAK), 2007 WL

1225549, at * 2 (S.D.N.Y. April 27, 2007*).  In Atlantis Information Technology, GmbH v.*

*CA, Inc.,* No. 06-cv-3921 (ADS)(WDW), 2007 WL 1238716 (E.D.N.Y. April 30, 2007),

the court dismissed the pleading because it failed to allege a fiduciary relationship as a

matter of law.  The court noted the basic hornbook law that "[W]hen parties deal at arms

length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances.'" *Id.* at *5 (citation omitted). The court dismissed the breach of fiduciary duty claim because the parties were commercial companies that had "no more than a conventional business relationship" and plaintiff did not allege "'facts suggesting an obvious disparity between the parties, nor have extraordinary circumstances been alleged that would give rise to a fiduciary relationship between the Plaintiff[] and [CA]'" (citing *Cal Distributor Inc. v. Cadbury Schweppes Americas Beverages,* 2007 WL 54534, at * 9 (S.D.N.Y. Jan. 5, 2007) (internal citations omitted).) *Id. See Better Benefits, Inc. v. Protective Life Insurance*, No. 03 Civ. 2820 (LAP), 2004 WL 633730, at *4 (S.D.N.Y. March 30, 2004) (granting motion to dismiss breach of fiduciary duty claim because the complaint "alleges no specific facts supporting an assertion of trust, confidence, superior knowledge, influence, or dominance.")

Here, the factual allegations in the Complaint demonstrate that there was an arm's length business relationship between Terremark and SGI, defined by the Letter Agreement and Warrants, and there was no fiduciary relationship. Complaint ¶¶16, 17. Moreover, SGI's claim that it was not adequately informed as to how to exercise the Warrants is belied by the fact that the procedures for exercising the Warrants were clearly spelled out in the Warrants.

### E. SGI Fails to State a Claim for Negligent Misrepresentation Because It Does Not Adequately Allege Any Basis for Defendants Owing It a Duty to Disclose.

In its fifth cause of action, SGI alleges negligent misrepresentation against all Defendants. SGI alleges that Defendants failed to disclose to SGI that SGI's failure to

comply with the procedures set forth in the Warrant for exercising the Warrant was an issue. Complaint ¶62. SGI alleges that the duty to disclose was created by a fiduciary duty Defendants owed to SGI. Complaint ¶61. Again, SGI has not alleged any facts sufficient to create a fiduciary duty and the facts it has alleged are inconsistent with any fiduciary relationship.

**F.      SGI Fails to State a Claim for "Intentional Concealment Negligent Nondisclosure."**

In its sixth cause of action, SGI alleges "intentional concealment negligent nondisclosure" against all defendants. According to the Complaint, Defendants "knowingly or recklessly concealed or failed to exercise reasonable care to disclose the fact that Defendants would not comply with the parties' prior dealing in connection with Strategic Growth exercising its options" and instead would "require Strategic Growth to present and surrender warrant exercise forms." Complaint ¶69. The only basis SGI alleges for a duty to disclose is its incorporation of its prior deficient allegation that Defendants owed it a fiduciary duty.

**G.      SGI Fails to State a Claim for Unjust Enrichment.**

In its seventh cause of action, SGI alleges unjust enrichment against Terremark. The claim fails as a matter of law because the existence of a contract between the parties precludes a claim of unjust enrichment:

> It is well established, however, that an unjust enrichment claim is barred under the rule that "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter." (Citation omitted.)

20

*Adelaide Productions, Inc. v. BKN International, A.G., et al.,* 38 A.D.3d 221; 225, 834

N.Y.S.2d 37 (1st Dep't 2007) (granting summary judgment dismissing claim for unjust

enrichment as a matter of law).

## Conclusion

For all the foregoing reasons, this action should be dismissed or stayed in favor of

the prior-filed Florida Action.  If this action is permitted to proceed, it should be

dismissed in its entirety as to the Individual Defendants pursuant to Fed. R. Civ. P.

12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue, and all the

causes of action, other than the claim for declaratory relief, should be dismissed as to all

the Defendants pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated:  New York, New York
       November 30, 2007

Respectfully submitted,

Robert A. Horowitz (RH-2914)
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-3111

*Attorneys for Defendants*