**Westlaw.**

201 Fed.Appx. 13                                                                                                                              Page 1
201 Fed.Appx. 13, 2006 WL 2853045 (C.A.2 (N.Y.))
**(Cite as: 201 Fed.Appx. 13)**

**H**
Banker v. Esperanza Health Systems, Ltd.
C.A.2 (N.Y.),2006.
This case was not selected for publication in the Federal Reporter.RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)", UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.Please use FIND to look at the applicable circuit court rule before citing this opinion. Second Circuit Rules § 0.23. (FIND CTA2 s 0.23.)
United States Court of Appeals,Second Circuit.
Brooks BANKER, Plaintiff-Appellant,
v.
ESPERANZA HEALTH SYSTEMS, LTD., Hunt Health Systems, Ltd., P & G Enterprises, Inc., MHTJ Investments, Inc., Friendship Inc., Jose Martinez Lilliard, Jose Luis Perez-Rios, Enrique Lopez Vergara, Patricia McDonough, Gail Gaines, Gary Davidson and Lori Dittmar, Defendants-Appellees, David C. Holland, Esq., Consolidated-Defendant.
No. 06-0603-cv.

Sept. 29, 2006.

**Background:** Attorney brought action against former clients, individuals and business entities, to recover unpaid attorney fees. The United States District Court for the Southern District of New York, Mukasey, J., 2005 WL 3077513, dismissed action for lack of personal jurisdiction. Attorney appealed.

**Holdings:** The Court of Appeals held that:

(1) attorney alleged sufficient facts to create a prima facie case of personal jurisdiction over former clients, non-resident business entities, under New York long-arm statute, and

(2) district court lacked personal jurisdiction over non-resident individual defendants under New York long-arm statute.

Affirmed in part, vacated in part, and remanded.
West Headnotes
**[1] Federal Courts 170B ⟲94**

170B Federal Courts
    170BII Venue
        170BII(A) In General
            170Bk94 k. Pleading Venue. Most Cited Cases
Attorney alleged sufficient facts to create a prima facie case of personal jurisdiction over former clients, non-resident business entities, under New York long-arm statute in action to recover unpaid attorney fees; entities retained New York attorney to represent them in civil litigation in federal district court in New York, they were physically present in New York for bench trial during which time they discussed case with attorney and instructed him on how to proceed, entities engaged in settlement meeting in New York, and they communicated with attorney in New York by telephone and e-mail during the course of representation. N.Y.McKinney's CPLR 302(a)(1).

**[2] Federal Courts 170B ⟲89**

170B Federal Courts
    170BII Venue
        170BII(A) In General
            170Bk87 District Where Claim Arose
                170Bk89 k. Contracts and Breach

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Thereof. Most Cited Cases
United States District Court for the Southern District of New York lacked personal jurisdiction over non-resident individual defendants under New York long-arm statute in attorney's action to recover unpaid attorney fees, where complaint alleged a fraudulent scheme undertaken by defendants to deprive attorney of payment for his legal services, and alleged situs of the injury was where defendants devised and carried out their alleged plan to deprive attorney of payment for his services, which according to attorney's complaint was Texas and California. N.Y.McKinney's CPLR 302(a)(3).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Brooks Banker, pro se, New York, N.Y., for Plaintiff-Appellant.
Christopher J. Weber, San Antonio, TX (David C. Holland, The Law Offices of Michael Kennedy, New York, N.Y., on the brief), for Defendants-Appellees.

Present: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

**1 Plaintiff-appellant Brooks Banker appeals from a decision of the United States *15 District Court for the Southern District of New York (Mukasey, J.) granting defendants-appellees' motion to dismiss for lack of personal jurisdiction. See *Banker v. Esperanza Health Sys., Ltd.*, No. 05 Civ. 4115, 2005 WL 3077513 (S.D.N.Y. Nov. 17, 2005). We affirm the decision of the District Court as it pertains to Defendants Jose Martinez Lilliard, Jose Luis Perez-Rios, Enrique Lopez Vergara, Patricia McDonough, Gail Gaines, Gary Davidson and Lori Dittmar (collectively, the "Individual Defendants"). We, however, vacate the decision of the District Court as it pertains to Defendants Esperanza Health Systems, Ltd., Hunt Health Systems, Ltd., P & G Enterprises, Inc., MHTJ Investments, Inc., and Friendship Inc. (collectively, the "Business Defendants"). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review the District Court's dismissal for lack of personal jurisdiction *de novo*. See *Grand River Enter. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir.2005). Where, as here, the District Court does not hold an evidentiary hearing prior to its ruling, the plaintiff need only set forth a *prima facie* case that jurisdiction exists over the non-domiciliary defendants. *Id.* At the motion to dismiss stage, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir.1993).

[1] We find that Banker has alleged sufficient facts at this stage to create a *prima facie* case of jurisdiction over the Business Defendants under N.Y.C.P.L.R. § 302(a)(1). In determining personal jurisdiction under Section 302(a)(1), we look to the totality of the defendants' contacts with the forum state. See *Grand River*, 425 F.3d at 166 ("No single event or contact connecting defendant to the forum state need be demonstrated; rather, the *totality of all defendant's contacts* with the forum state must indicate that the exercise of jurisdiction would be proper.") (emphasis in original). Banker's Complaint and supporting affidavit allege that the Business Defendants retained him, a New York attorney, to represent them in a civil litigation in the Southern District of New York; the Business Defendants were physically present in New York for the bench trial in that litigation, during which time they discussed the case with Banker and instructed him on how to proceed; the Business Defendants had their accountant, Gary Davidson, come to New York to consult with Banker regarding that litigation; the Business Defendants engaged in a settlement meeting in New York with the plaintiff in that litigation; and the Business Defendants communicated with Banker in New York by telephone and email during the course of the representation. Banker's claims for non-payment of legal fees for services performed in connection with that litigation has sufficient nexus to the contacts alleged. We find these contacts collectively are sufficient to establish a *prima facie* case of personal jurisdiction under Section 302(a)(1). In addition, the exercise of jurisdiction over the Business Defendants would not offend due process. See *Elman v. Belson*, 32 A.D.2d 422, 426, 302 N.Y.S.2d 961 (N.Y.App.Div.1969) (holding that it would not be unfair within the confines of Section 302(a) to require a defendant to respond in New York for non-payment of fees for legal services rendered in New York); *Flemming, Zulak & Williamson, LLP v. Dunbar*, No. 04 Civ. 421 LMM, 2004 WL 2496092, at *2 (S.D.N.Y. Nov. 5, 2004) ("The retention of an attorney in New York also constitutes 'purposeful activity' sufficient to satisfy principles of due

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

201 Fed.Appx. 13 Page 3
201 Fed.Appx. 13, 2006 WL 2853045 (C.A.2 (N.Y.))
**(Cite as: 201 Fed.Appx. 13)**

process."). Accordingly, we vacate the decision of the District *16 Court dismissing the Business Defendants for lack of personal jurisdiction, and remand to the District Court to address the other bases for dismissal raised by the Business Defendants in their moving papers.

**2 [2] With regard to the Individual Defendants, however, we find that Banker has failed to allege sufficient facts to create a *prima facie* case of personal jurisdiction under N.Y.C.P.L.R. § 302(a)(3). We agree with the District Court that Banker has failed to allege an injury in New York as contemplated by Section 302(a)(3). For purposes of personal jurisdiction under Section 302(a)(3), courts "apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 209 (2d Cir.2001) (internal quotation marks and citation omitted). The situs of the injury "is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* Banker's Complaint alleges a fraudulent scheme undertaken by the Individual Defendants to deprive Banker of payment for his legal services. As the District Court correctly found, "the situs of Banker's injury is where the Individual Defendants devised and carried out their alleged plan to deprive him of payment for his services, which according to Banker's complaint was in Texas and California." *Banker,* 2005 WL 3077513, at *8. Accordingly, we affirm the District Court's decision to dismiss Banker's claims against the Individual Defendants for lack of personal jurisdiction.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

C.A.2 (N.Y.),2006.
Banker v. Esperanza Health Systems, Ltd.
201 Fed.Appx. 13, 2006 WL 2853045 (C.A.2 (N.Y.))

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.