GREENBERG TAURIG, LLP
Robert A. Horowitz (RH-2814)
200 Park Avenue
New York, New York 10166
Tel.: (212) 801-9200

*Attorneys for Terremark
WorldWide, Inc., Manuel
Medina, and Jose Segrera*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STRATEGIC GROWTH INTERNATIONAL, INC.,

      Plaintiff,

  -against-

TERREMARK WORLDWIDE, INC.,
MANUEL MEDINA, and JOSE SEGRERA,

      Defendants.
------------------------------------------------------------------x

Case No.: 07 CIV 5647 (KMK)

**DECLARATION OF DAVID FREEDMAN IN
SUPPORT OF DEFENDANT TERREMARK WORLDWIDE,
INC.'S MOTION TO STAY, OR IN THE ALTERNATIVE TO
<u>DISMISS THE ABOVE-ENTITLED ACTION</u>**

  DAVID FREEDMAN declares the following:

  1. I am an attorney duly admitted to practice law in the State of Florida and am associated with the law firm of Coffey Burlington, counsel for Terremark Worldwide, Inc. ("Terremark") in the action entitled *Terremark Worldwide, Inc. v. Strategic Growth International, Inc.*, Case No. 07-14155, pending in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County ("Florida Action"). I submit this Declaration in support of Terremark's Motion To Stay or, In The Alternative, To Dismiss the above-entitled action.

2. I have personal knowledge of the facts described below.

3. A true and correct copy of the Complaint filed in the Florida Action ("Florida Complaint") is attached hereto as Exhibit A.

4. A true and correct copy of the Letter Agreement dated April 1, 2002 between Terremark and Strategic Growth International, Inc. ("SGI") is attached hereto as Exhibit B.

5. True and correct copies of the Warrants issued to SGI are attached hereto as Exhibit C.

6. A true and correct copy of the Warrant issued to SGI after its partial exercise of the Warrant issued in April 2002 is attached hereto as Exhibit D.

7. In March 2007, a dispute arose regarding the warrant rights claimed by SGI to acquire Terremark common stock. On April 11, 2007, SGI's counsel wrote a letter threatening suit if the dispute concerning SGI's attempt to exercise the Warrants was not resolved by April 13.

8. The dispute was not resolved, but SGI did not file suit. Terremark was desirous of obtaining a resolution of the disagreement, which would be a judicial resolution if the parties could not reach an agreement on their own, and anticipated receipt of a suit to be filed by SGI. Several weeks passed, but Terremark received nothing.

9. My staff checked the local state and federal dockets on several occasions, but found no action pending. During April and early May, I placed several telephone calls to SGI's counsel to inquire about the status of the suit they had said they would file,

and offered to accept service of a complaint. My calls were not returned, so I left messages with an assistant or on voicemail.

10. I finally received a return telephone call from an attorney with the office representing SGI. He confirmed that SGI still had not filed suit and, in response to my inquiry as to whom they had selected to serve as their local counsel in Florida when they filed an action, stated that SGI had not yet selected local counsel (indicating to me that SGI intended to file, if at all, in Florida).

11. Frustrated over the lack of any progress and in a desire to get the matter resolved, Terremark took the initiative and filed its action for a declaratory judgment in Florida. I personally advised the office of SGI's counsel that Terremark had filed the Florida action, provided the style and case number, and inquired if their office desired to accept service.

12. Several days later, SGI filed suit against Terremark and two of its officers in New York.

Executed this 25 day of June, 2007 in Miami, Florida pursuant to 28 U.S.C. § 1746

_____
DAVID FREEDMAN